# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 02-2162

_____

Bill Swan,

        Appellant,

v.

Interstate Brands Corporation,

        Appellee.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
Western District of Missouri.

[PUBLISHED]

_____

Submitted: February 12, 2003
Filed: June 24, 2003

_____

Before HANSEN,[1] Chief Judge, LOKEN and SMITH, Circuit Judges.

_____

HANSEN, Circuit Judge.

Appellant Bill Swan sued his former employer, Interstate Brands Corporation ("IBC"), for age discrimination after IBC demoted and later terminated him from his employment. The case was tried to a jury that returned a verdict in favor of IBC.

_____

[1]The Honorable David R. Hansen stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2003. He has been succeeded by the Honorable James B. Loken.

Swan appeals, asserting that the district court[2] impermissibly excluded relevant impeachment evidence. We affirm.

At the time that IBC notified Swan of his termination, he was offered a Severance Agreement and Release that granted him severance pay in exchange for an agreement not to sue IBC for, inter alia, age discrimination. At trial, Swan sought to enter the Severance Agreement into evidence solely for the purpose of impeaching IBC's witness regarding his testimony as to the date the termination decision was made. The district court deferred its ruling and, at the close of evidence, addressed sua sponte Swan's previous offer of proof, concluding that the Severance Agreement did not amount to proper impeachment evidence and that its use presented a risk of prejudice.

Although it appears that Swan has failed to preserve this evidentiary issue for appeal, we need not decide that question because we find no error in the district court's exclusion of the evidence. First, the Severance Agreement is not necessarily proper impeachment evidence because the timing of IBC's decision to terminate Swan is collateral to the issue of whether IBC discriminated against Swan on the basis of age. Second, without a valid exception such as impeachment, the Severance Agreement is also inadmissible as evidence of age discrimination under Federal Rule of Evidence 408. Finally, the district court could have reasonably concluded that the evidence would be unduly prejudicial to IBC. Based on these factors, the district court's exclusion of the evidence was not a "clear and prejudicial abuse of discretion," King v. Ahrens, 16 F.3d 265, 268 (8th Cir. 1994) (internal citations omitted), and the judgment is affirmed, see 8th Cir. R. 47B.

_____

[2]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

2

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.